# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**,

              v.

GUILLERMO TIRADO-MENÉNDEZ [2],

    **Defendant**.

**Criminal No.** 17-415 (FAB)

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court are defendant Guillermo Tirado-Menéndez ("Tirado")'s motion to dismiss counts one and three pursuant to Federal Rule of Criminal Procedure 12 ("Rule 12") and motion for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) ("Rule 7"). (Docket Nos. 97 and 98.) For the reasons set forth below, the Court **DENIES** Tirado's motions.

## I. BACKGROUND

On July 7, 2017, a federal grand jury returned an indictment charging Tirado with count one, "conspiracy to manufacture, distribute or dispense or possess with intent to distribute or dispense a controlled substance," and count three, "possession with intent to dispense a controlled substance outside the scope of professional practice and not for a legitimate medical purpose." (Docket No. 3 at pp. 1 & 7.) According to the indictment,

"[b]eginning on a date unknown, but no later than in or about the year 2009, and continuing up to and until the return of the indictment," Tirado knowingly conspired to dispense "at least 70,000 units of Oxycodone" and "at least 40,000 units of Alprazolam" "outside the scope of professional practice and not for a legitimate medical purpose." Id. at pp. 1-2. The indictment alleges that Tirado also possessed the Oxycodone and Alprazolam with the intent to dispense them "outside the scope of professional practice and not for a legitimate medical purpose." Id. at p. 7.

Tirado seeks dismissal of these counts because, he argues, the indictment "fail[s] to inform sufficiently [sic] to prepare a defense and protect against Double Jeopardy" and count three "violates the statute of limitations." (Docket No. 97 at pp. 3 and 6.) Tirado asserts that the counts are "supported by conclusory language, without providing an ever-important statement of facts and circumstances to inform Dr. Tirado of the specific offense with which he is charged." Id. at p. 5. He maintains that the indictment is insufficient because it fails to "mention which patients are involved, or the number of patients," and does not include "the dates when the controlled substances were allegedly prescribed or dispense [sic]." Id. Tirado also contends that the statute of limitations governing count three "prescribes a period of limitation of five years," and that the conduct in the

indictment covers a time span of "roughly nine years." Id. at p. 6. He argues that "the offense in question here is not a continuous offense" and thus is time-barred. Id.

In a separate motion, Tirado requests that the Court require the United States to submit a bill of particulars "so that [Tirado] may adequately prepare for trial, minimize surprise at trial, and enjoy the protections of the double jeopardy clause." (Docket No. 98 at p. 1.) Tirado supports this motion with arguments similar to those made in his motion to dismiss. Id. at pp. 2-5. The Court rejects Tirado's arguments supporting both motions.

## II. MOTION TO DISMISS

### A. Legal Standard

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7. When considering a motion to dismiss an indictment, the Court "must take the allegations in the indictment as true" and must be mindful that "the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (internal citation omitted).

An indictment is sufficient "if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enables him to enter a plea without fear of double jeopardy." United States v. Ford, 839 F.3d 94, 104 (1st Cir. 2016) (internal quotation marks and citation omitted). "[I]t is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as those words set forth all the elements of the offense without any uncertainty or ambiguity." United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002) (internal quotation marks and citation omitted). "[M]istaken or omitted indictment language is reversible if it deprived the appellant of notice or otherwise misled him to his detriment." Ford, 839 F.3d at 104 (internal quotation marks and citation omitted). "[C]ourts[, however,] routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." United States v. Guerrier, 669 F.3d 1, 4 (1st Cir. 2011).

**B.   Discussion**

    **1.   Sufficiency of Indictment**

Tirado's arguments are unavailing because the indictment apprises Tirado of the charged offenses, setting forth the elements of the crimes and the nature of the charges. See

Docket No. 3; Ford, 839 F.3d at 104. The indictment provides a thorough outline of the conspiracy that exceeds five pages and details the involvement of each participant, including Tirado. (Docket No. 3 at pp. 1-6.) The indictment specifies, for example, that Tirado "would receive individuals in his medical offices who were seeking prescriptions for Oxycodone and Alphrazolam" and that he "would prescribe [the controlled substances] to those individuals without performing medical exams." Id. at pp. 4-5. The indictment continues that Tirado "referred to those individuals as 'Los Cristianos' ('The Christians'), because they were methadone patients." Id. at p. 5 (alteration in original).

The details in the indictment afford Tirado the opportunity to "prepare a defense and plead double jeopardy in any future prosecution for the same offense[s]." Guerrier, 669 F.3d at 3. Although Tirado contends that the indictment must provide precise names of patients, the number of total patients, and specific dates in order to satisfy the legal standard, his argument is erroneous. See Ford, 839 F.3d at 104; cf. Guerrier, 669 F.3d at 4. The government "need not put forth specific evidence," Ngige, 780 F.3d at 502 (citing Fed.R.Crim.P. 7(c)(1)), and Tirado fails to demonstrate how the indictment deprives him of notice or misleads him to his detriment. See Ford, 839 F.3d at 104.

**2.   Statute of Limitations**

Count three is not time-barred.  The statute of limitations for an offense typically begins to accrue "when the crime is complete."  Toussie v. United States, 397 U.S. 112, 115 (1970) (internal citation omitted).  A crime is "complete" when "each element of that offense has occurred."  United States v. Yashar, 166 F.3d 873, 875 (7th Cir. 1997) (internal citation omitted).[1]  The statute of limitations for a "continuing offense," however, begins to accrue "not . . . when all elements are first present, but rather when the offense expires."  Id. at 875-76.  A crime is a continuing offense when "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."  Toussie, 397 U.S. at 115.

Count three is not precluded by the statute of limitations because crimes of possession are continuing offenses.  See United States v. Uribe, 890 F.2d 554, 559 (1st Cir. 1989).  Count three involves possession of a controlled substance with the intent to dispense them outside the scope of professional practice,

---

[1] In the government's discussion of continuing offenses, the United States relies heavily on Yashar, often using identical language, without citing the case.  See Docket No. 133 at pp. 4-5.

which is a substantive violation of 21 U.S.C. section 841(a)(1) ("section 841").  (Docket No. 3 at pp. 7-8.)  Although the applicable statute of limitations for a section 841 offense is five years, see 18 U.S.C. § 3238, and the indictment covers a time span of at least nine years, see Docket No. 3 at p. 6, "possession with intent to distribute" is "a continuing offense."  Uribe, 890 F.2d at 559; see also United States v. Hull, 456 F.3d 133, 146 (3d Cir. 2006) (Ackerman, J., concurring in part and dissenting in part) (citing cases from federal courts of appeals holding that possession is a "continuing offense").  "The hallmark of the continuing offense is that it perdures beyond the initial illegal act, and that 'each day brings a renewed threat of the evil Congress sought to prevent' even after the elements necessary to establish the crime have occurred."  Yashar, 166 F.3d at 875 (quoting Toussie, 397 U.S. at 122).  Because "[p]ossession is a course of conduct, not an act," United States v. Jones, 533 F.2d 1387, 1391 (6th Cir. 1976), "possession is by nature a continuing offense."  United States v. Blizzard, 27 F.3d 100, 102 (4th Cir. 1994).

The Court rejects Tirado's arguments regarding both the sufficiency of his indictment and the effects of the statute of limitations on count three.  See Docket No. 97 at pp. 3-6.  Accordingly, the Court **DENIES** Tirado's motion to dismiss.

**III. MOTION FOR A BILL OF PARTICULARS**

    **A.    Legal Standard**

"Motions for bills of particulars are seldom employed in modern federal practice." United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993). "When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." Id. at 1192-93. A bill of particulars "is not an investigative tool for defense counsel 'to obtain a detailed disclosure of the government's evidence prior to trial.'" United States v. Rodríguez-Torres, 560 F. Supp. 2d 108, 111 (D.P.R. 2008) (García, J.) (quoting United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978)). "Federal trial courts have always had a very broad discretion in ruling upon requests for such bills." Will v. United States, 389 U.S. 90, 98-99 (1967).

    **B.    Discussion**

Tirado's request for a bill of particulars is unpersuasive because the indictment and the government's discovery provide Tirado with ample specification to prepare a defense, avoid unfair surprise at trial, and seek the protection of the Double Jeopardy Clause. See Sepulveda, 15 F.3d at 1192-93. The indictment specifies sufficiently the nature of the charges,

detailing each step of Tirado's involvement in the alleged conspiracy. (Docket No. 3 at pp. 1-6.) The government's discovery supplements the indictment and includes patient files from Tirado's office and files of Oxycodone and Alprazolam prescriptions from Farmacia Condado Moderno, providing Tirado with extensive resources to prepare his case. See Docket No. 132 at p. 3; Docket No. 135 at p. 2. According to the government, "[e]ach file contains the prescriptions and medical records," which "have patient names as well as the date that the prescription was issued." (Docket No. 132 at p. 3.) Tirado confirms that he has "received lots of discovery, thousands of pages, and somewhere within that mountain of discovery [are] patient names and dispensation dates." (Docket No. 135 at p. 2.)

The government's discovery, in tandem with the indictment, is sufficient for Tirado to prepare his defense adequately. Although Tirado does not dispute that the government's discovery is thorough and well-organized,[2] Tirado maintains that he is nonetheless "left completely in the dark regarding the specific patients involved, the number of patients involved, as well as dates of illegally dispensing, embraced within this nine-year conspiracy." (Docket No. 98 at p. 2.) He argues that the

---

[2] According to the government, the files that they provided to Tirado are categorized by controlled substance and the year dispensed for greater accessibility. (Docket No. 132 at p. 3.)

discovery is too broad and that the government fails to "pinpoint[]" specific relevant information, leaving Tirado "twisting in the wind, blindly guessing which patients (out of thousands) he should prepare to defend at trial." Docket No. 135 at pp. 2-3 (alteration in original). A bill of particulars, however, is not a proper vehicle for Tirado to obtain detailed disclosure of the government's preparations for trial or witness lists. See Rodriguez-Torres, 560 F. Supp. 2d at 111.

To prevail on a motion for a bill of particulars, "[a] defendant must show actual prejudice and point to specific evidence or witnesses that the lack of particularization prevented him from obtaining." United States v. Nelson-Rodriguez, 319 F.3d 12, 31 (1st Cir. 2003) (internal quotation marks and citation omitted). See also Sepulveda, 15 F.3d at 1193 ("Neither appellant convincingly relates a concrete instance of inability to prepare, untenable surprise, or other cognizable prejudice stemming from the trial court's refusal to mandate further particulars."). Tirado fails to provide a concrete example of actual prejudice resulting from the alleged lack of specificity in the indictment and the government's discovery. Indeed, Tirado's access to thorough discovery undermines his case for a bill of particulars. See United States v. Urban, 404 F.3d 754, 772 (3d Cir. 2005) (finding that the appellants' access to discovery

"further weakens the case for a bill of particulars") (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) ("Full discovery . . . obviates the need for a bill of particulars.")). Accordingly, the Court **DENIES** Tirado's motion for a bill of particulars.

**IV. CONCLUSION**

For the foregoing reasons, Tirado's motion to dismiss counts one and three (Docket No. 97) and Tirado's motion for a bill of particulars (Docket No. 98) are **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 28, 2018.

s/ Francisco A. Besosa  
FRANCISCO A. BESOSA  
UNITED STATES DISTRICT JUDGE